UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

DEVON SEAN STRONG,
Institutional ID No. 01724485
SID No. 01581442

      Plaintiff,

v.

MICHAEL W. COLLIER, *et al.*,

      Defendants.

No. 1:24-CV-00015-H

### ORDER ACCEPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation that this case be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and repeated failure to obey orders of this Court. Dkt. No. 43. Plaintiff filed untimely objections. Dkt. No. 44. As explained below, the Court overrules Plaintiff's objections. And, after appropriate review, the Court accepts and adopts the Magistrate Judge's FCR. Thus, the Court dismisses Plaintiff's complaint without prejudice. The Court will permit Plaintiff to reopen this case only if he timely and fully complies with the orders of the Magistrate Judge in conducting judicial screening of his case.

**1. Background**

Plaintiff brought this case against various defendants regarding incidents that occurred during his confinement at the Robertson Unit of the Texas Department of Criminal Justice (TDCJ). *See* Dkt. Nos. 1, 15. The undersigned transferred this case to the Magistrate Judge for judicial screening under 28 U.S.C. § 1915 and to develop the factual

basis of Plaintiff's complaint. Dkt. No. 19. The Court directed the Magistrate Judge to advise Plaintiff of the availability of the Magistrate Judge to exercise jurisdiction to conduct any or all proceedings in this case under 28 U.S.C. § 636(c), including conducting the trial or ordering the entry of judgment. The Court further ordered that if any party failed to consent to the jurisdiction of the Magistrate Judge, the case should be transferred back to the docket of this Court along with proposed findings of fact, conclusions of law, and recommendations for disposition of the case. *Id.* The record reflects that Plaintiff did not consent to have the Magistrate Judge exercise jurisdiction under Section 636(b). Indeed, Plaintiff has repeatedly objected to the Magistrate Judge's involvement in this case. *See* Dkt. No. 43 at 1–2.

Pursuant to this Court's customary practice for screening its high volume of prisoner civil-rights cases, the Magistrate Judge endeavored to develop the factual basis of Plaintiff's claims by ordering relevant authenticated records and issuing a questionnaire, which Plaintiff completed and returned. *See* Dkt. No. 26. In the meantime, Plaintiff sought to supplement his claims multiple times. *See* Dkt. No. 34 (describing Plaintiff's attempts to supplement and the Court's efforts to obtain a complete amended complaint incorporating all of Plaintiff's claims). Eventually, Plaintiff filed a document that the Magistrate Judge liberally construed to assert new retaliation claims against individuals at the Allred Unit, where Plaintiff was then confined, and ordered Plaintiff to respond to a second questionnaire. *See* Dkt. No. 37. But Plaintiff refused to comply. *See* Dkt. No. 43 at 3.

The FCR recommends dismissal under Rule 41(b) for three reasons: (1) Plaintiff's failure to provide the Court with the details of his retaliation claim, which constitutes a failure to prosecute, (2) Plaintiff's refusal to complete the questionnaire and appropriately

respond to the Show Cause Order violates two of this Court's orders, and (3) Plaintiff's indication that he will not comply with the Magistrate Judge's future orders. *See id.* at 2–3. In short, the Magistrate Judge concludes that "[e]ach of these reasons standing alone is justification for dismissing [Plaintiff's] claims. But collectively they frustrate, if not make impossible, the Court's ability to discharge its statutory obligation to screen his claims." *Id.* at 3.

2. **Discussion**

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). In contrast, the district judge reviews any unobjected-to findings, conclusions, and recommendations for plain error.

A. **Plaintiff's objections are untimely.**

The FCR was entered on June 13, 2025. Dkt. No. 43. Thus, Plaintiff's objections were due no later than June 27, 2025. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). Plaintiff did not specify the date he delivered the objections to prison officials for mailing. *See* Dkt. No. 44; *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (finding that prisoner's pro se pleading may be deemed "filed" as of the date he deposited it in the prison mail system). But he dated his objections July 7, 2025. *See* Dkt. No. 44 at 43. And the letter attached is dated July 8, 2025. *See id.* at 44. Thus, Plaintiff's objections were drafted at least 11 days after the deadline. As a result, the Court need only review the FCR for plain error. After an independent review, the Court finds no plain error in the FCR. Thus, the Court accepts and adopts the FCR and dismisses Plaintiff's complaint without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).

### B. Plaintiff's objections do not show that the FCR is incorrect.

Additionally, even if Plaintiff's objections were timely, the Court would overrule them. Indeed, after conducting a de novo review, the Court finds the Magistrate Judge's findings, conclusions and recommendations are correct. First, Plaintiff did refuse to comply with the Magistrate Judge's Order to complete a second questionnaire, and he has unequivocally stated that he will not comply with the Magistrate Judge's orders. But Plaintiff's excuses for his refusal are not sufficient.

The Court acknowledges that Plaintiff does not consent to proceed before the Magistrate Judge as provided in 28 U.S.C. § 636(c). Plaintiff is entitled to withhold his consent without adverse substantive consequences, and the Court will protect the voluntariness of that decision. But he is not entitled to dictate to the Court how its docket should be managed. It is well established that a district court has inherent power to control its docket. *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005). Thus, the Court may still reassign this case to the Magistrate Judge under 28 U.S.C. § 636(b) for purposes of preliminary screening or the management of other pretrial matters. As a result, Plaintiff's objection to the temporary reassignment of this case to the Magistrate Judge is overruled.

Plaintiff essentially complains that he did not consent to have the Magistrate Judge exercise jurisdiction over his claims, and he expressly opposes it. In support of his argument, he notes that his refusal to consent is due to his yearslong experience with another Magistrate Judge with whom he is dissatisfied. Plaintiff complains that he did not complete the second questionnaire because it pertained to sexual harassment and retaliation claims that he has filed in another case before the Wichita Falls Division of the United States District Court for the Northern District of Texas. *See* No. 7:24-CV-00153-O.

In short, the record reflects that Plaintiff received multiple opportunities to participate in his case and still failed—indeed refused—to do so. Thus, the Court overrules the objections and accepts and adopts the findings, conclusions, and recommendation of the United States Magistrate Judge. The Court dismisses Plaintiff's complaint without prejudice for under Federal Rule of Civil Procedure 41(b) for failure to prosecute and repeated failure to obey an order of this Court. All relief not expressly granted, and any pending motions are denied.

Finally, in the event Plaintiff wishes to proceed with his claims in this case, he may file a motion to reopen this case within 30 days.[1] However, the Court admonishes Plaintiff that his case will be transferred to the Magistrate Judge to complete judicial screening of his case and he will be required to timely and fully comply with any and all orders of the Court. If Plaintiff fails to timely file a motion to reopen, he may refile his claims in a new civil-rights complaint, but he will be required to pay the filing fee of $405 or file an application to proceed *in forma pauperis* with a certificate of his inmate trust account.

Judgment will be entered accordingly.

So ordered on January 21, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Plaintiff asserts that he did not complete the second questionnaire, in part, because it pertained to sexual harassment and retaliation claims occurring at the Allred Unit, and which he has raised in another case before the Wichita Falls Division of the United States District Court for the Northern District of Texas. *See* Dkt. No. 44 at 2; No. 7:24-CV-00153-O. Thus, the Court finds that if Plaintiff does move to reopen this case, the Magistrate Judge should consider whether the second questionnaire is necessary to conduct screening of Plaintiff's Robertson Unit claims.